JACOB SEIPLE et al. *vs.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE BOROUGH OF ELIZABETH.

1. The act of 4th March, 1847, supplemental to the act of 1789, "to establish and confirm the charter rights and privileges of the borough of Elizabeth," does not abolish the office of borough collector. It creates an additional officer for collecting the taxes.

2. The expression "*it shall be lawful*" is not to be construed, in this statute, to mean *it must be done.*

3. The true rule of construction is, that the word *may* is to be taken as meaning *must* or *shall* only in cases where the public interest and rights are concerned, *and* where the public or third persons have a claim *de jure* that the right shall be exercised. In other cases the enactment is not imperative, but left to sound discretion.

4. Sureties in an official bond are estopped, on demurrer put in by them, from averring against a recital in their bond.

---

In error to the Essex Circuit Court.

The facts in this case sufficiently appear in the opinion of the court.

Argued at June Term, 1858, before the CHIEF JUSTICE, and Justices OGDEN, HAINES and RYERSON.

*A. Whitehead,* for plaintiffs in error.

*R. S. Green,* for defendants.

The opinion of the court was delivered by

OGDEN, J. The action is brought on the borough collector's official bond.

The declaration sets out the bond with the condition, and assigns several breaches. A general demurrer was put in, which was overruled on argument in the court below, and a writ of error has brought that judgment before this court for review. Several errors are assigned; but the fourth one, which is directed against the whole cause of action, is worthy of being first considered. If it be well assigned, the judgment below must be reversed without respect to the other objections.

Prior to June, 1754, the charter powers of the corporation of Elizabeth were exercised under letters patent from the crown. In that year an act was passed by the general assembly of the province of New Jersey, which, among other things therein provided for, empowered the corporate authorities of the free borough and town, for the time being, to order such sum of money to be raised by taxation as they might agree upon for repairing the jails, and for other public and necessary charges and expenses of the said borough, to be applied thereto under their directions.

The power to elect assessors and collectors had been conferred by the letters patent; and, in 1789, an act of the legislature of the State of New Jersey was passed "to establish and confirm the charter rights and privileges of the borough of Elizabeth." It provides that collectors of taxes shall be elected in and for the said borough, to continue in succession forever, and ordains that the collectors so chosen shall be vested with all the powers and authorities, and entitled to all the privileges within the said borough, and be subject to all the penalties for neglect of duty which the like officers in the several townships and precincts are vested with, entitled or subject to, in like cases and circumstances.

The 13th section reaffirms the colonial enactment by incorporating it into that act, and it authorizes the corporation to agree upon and order such sum or sums of money to be raised, as well for the building the common

halls and jails as for the other purposes in the said act mentioned, pursuant to the directions thereof.

A supplement to the act of 1789 was passed on the 4th of March, 1847. It is therein provided that whenever a tax shall be ordered by the corporation, it shall be lawful for the same to be assessed, levied, and collected at the same time, by the same officers, and in like manner, in all respects, as the state, county, and township taxes for the township of Elizabeth are assessed, levied, and collected; and it invested the said officers, for that purpose, with the like powers which they then possessed with respect to the state, county, and township taxes.

Thus the laws stood when the duplicate for the year 1853, of taxes in the borough of Elizabeth was placed in the hands of Henry S. Fisler, as a "collector of the borough of Elizabeth."

The fourth assignment of errors is, "that, by the said declaration, it sufficiently appears that the said taxes in the said declaration mentioned ought to have been collected by the collector of taxes of the township of Elizabeth, and not by the collector of the borough of Elizabeth; and that the said Henry S. Fisler had no authority in law to collect and receive the same."

The assignment was defended on the ground that the act of 1847 virtually annulled so much of the letters patent and of the preceding act as recognized the office of borough collector; and therefore that, of necessity, the duplicate could have legally been delivered only to the collector of the township of Elizabeth.

There is no repealing clause in the act of 1847; and if its provisions are not so repugnant to those then existing, which originally conferred corporate powers upon the municipality, the two may stand together. It was said that the term "it shall be lawful," as used in the statute, should be construed to mean, it *must be done;* or, in other words, that it is mandatory, leaving no discretion in the breast of the corporation, but *requiring* them to place the

Seiple v. Borough of Elizabeth.

duplicate in the hands of the collector of the township, and prohibiting them from giving it to the collector of the borough, as they theretofore had done. Many cases were cited, in which the proper construction of the words *shall* and *may* is discussed. The most sensible view was given by Chancellor Kent, in the case of *The Newburgh Turnpike Company* v. *Miller*, 5 *Johns. Ch. Rep.* 112. The words of the act of the legislature, which he was examining, were, "that it shall and may be lawful for the company to remove their toll-gate," &c. He held that the statute was not imperative; but it left it to the discretion of the company to remove the gate or not. He said that the true rule of construction applicable to statutes in such cases is, that the word *may* means *must* or *shall*, only in cases where the public interests and rights are concerned, and where the public or third persons have a claim *de jure* that the right *shall* be exercised.

This rule of construction is illustrated—where corporate bodies are authorized to build or repair sewers, the public have a right *de jure* in the construction and reparation of such sewers, and the corporation are not permitted to be governed by the volition of the individual members of their body in determining whether or not the public improvement shall be made or maintained.

In the case before us, it could have been of no moment to the inhabitants of the borough whether the taxes should be collected by the collector of the township or by the collector of the borough, nor could any private persons have a claim that the duplicate should be placed in the hands of the township officer; and hence the case is not within the rule laid down by Chancellor Kent.

It cannot be legally said by the defendants, that the office of borough collector was abolished by the act of 1847. They signed the bond with Fisler, in which it is recited that he was duly elected collector of the said borough; and on demurrer they are estopped from averring against the recital in their own bond. 3 *Halst.* 24; 1 *Zab.* 247; 8 *Maine Rep.* 334.

After the taxes for the year 1853 were assessed and levied by the borough, there existed two officers by whom the delinquencies might be collected, the officer charged with the collection of the state, county, and township taxes in the year, or the collector of the borough. The corporation chose to employ the latter, and I can see no error in their so doing. When that officer received the duplicate he became charged with the performance of all the functions which the law annexed to the office; and as the defendants, by signing his bond, became answerable for his official fidelity, they must respond for any non-performance of duty in regard to such duplicate required of him by the law. The fourth error assigned has not been supported.

It was also objected that the assessor added a sum to the amount expressed in the ordinance to provide against losses. Such excess of authority by the assessor cannot avail the collecting officer or his sureties. He could not reform the assessment. It was his duty to collect the whole of it, and to pay it over, he leaving the question of excess to be settled between the corporation and the taxed inhabitants. The legislature have provided that such irregularity shall not vitiate an assessment.

The other specific errors question the authority of the mayor, aldermen, and commonalty of the borough to levy the tax mentioned in the declaration; and they set forth that it should appear, by averments in the declaration, that the taxes therein mentioned and required to be levied and assessed were authorized in the powers of taxation conferred upon the borough.

It, on the first blush, would seem that, whatever might be the strength of such a defence, if set up by a tax-payer against the legality of an assessment, it should not lie in the mouth of the sureties of a ministerial officer, who has collected taxes and misapplied the moneys, to present such an excuse for official unfaithfulness.

The legislative acts, hereinbefore referred to, which

confer the power of taxation, do not require that all the purposes to which the moneys are to be applied shall be specified in the *ordinance*. Besides, the validity of such ordinances cannot be questioned in a collateral way. When ordained by competent authority, they must remain in force until they are set aside upon *certiorari* by a proper tribunal of review.

But this assignment of error raises a question of good pleading. There is no averment in the declaration that the subject matter of the ordinance was within the powers conferred upon the borough. For that omission, the judgment of the Circuit Court must be reversed.

CITED *in Mayor, &c., of Hoboken* v. *Harrison,* 1 *Vr.* 78.